IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**LAKOTA PAYETTE,**                                         CV. 6:10-6384 RE

           Plaintiff,                                      **OPINION AND ORDER**

    v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

           Defendant.


**REDDEN**, Judge:

Plaintiff Lakota Payette ("Payette"), brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Supplemental Security Income ("SSI"). For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for the calculation and payment of benefits.

1  - OPINION AND ORDER

## BACKGROUND

Born in 1985, Payette has an ninth grade education. In July 2007, Payette applied for Supplemental Security Income alleging disability since July 25, 2007, due to deep vein thrombosis ("DVT"), Post Traumatic Stress Disorder, and major depressive disorder. Her application was denied initially and upon reconsideration. On November 17, 2009, a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated December 4, 2009, the ALJ found Payette not disabled. Payette's request for review was denied, making the ALJ's decision the final decision of the Commissioner. Payette now seeks judicial review of the Commissioner's decision.

## ALJ's DECISION

The ALJ found Payette had the medically determinable severe impairments of deep vein thrombosis, polysubstance dependence, and anxiety disorder.

The ALJ determined that Payette retained the residual functional capacity to perform a limited range of sedentary work.

The ALJ determined that Payette had no past relevant work. The AJL found that Payette has marked restrictions in activities of daily living, and social functioning, and in concentration, persistence or pace as well as episodes of decompensation. However, if she stopped abusing substances, she would have only moderate restrictions in activities of daily living and in social functioning, and only mild difficulties in concentration, persistence, and pace, and no episodes of decompensation.

The medical records accurately set out Payette's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are

familiar with it.  Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Payette contends that the ALJ erred by:  (1) finding her not fully credible; (2) improperly weighing physician testimony;  (3) improperly rejecting lay testimony; and (4) failing to show that she retains the ability to perform other work.

### I. Credibility

The ALJ must consider all symptoms and pain which "can be reasonably accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a); 416.929(a).  Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible.  *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007)(citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)).  The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala,* 50 F.3d 748, 750 (9th Cir. 1995)(citing *Bunnell v. Sullivan,* 947. F.2d 341, 345-46 (9th Cir. 1991)(*en banc)).*

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations.  *Smolen,* 80 F.3d at 1284.  The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant.  *Id.*   The ALJ may not,

however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2005).

The ALJ concluded that Payette was not fully credible as to the intensity, persistence and limiting effects of her symptoms:

> The claimant has never worked at a level of substantial gainful activity [citation omitted], which raises some questions as to whether the current unemployment is truly the result of medical problems.
>
> Although the claimant asserts that she has been clean and sober since July 2007 [citation omitted], this is not corroborated by the medical evidence of record. Specifically, the record indicates drug and alcohol use at least until May 2008 [citations omitted]. Claimant reports that her drinking and drug use were not excessive [citation omitted], but reported she used 3 to 4 grams of heroine per day to her physician [citation omitted]. It is significant that the claimant reported that she was not fully committed to recovery [citation omitted].

Tr. 17. These two reasons are sufficient to support the ALJ's determination that the claimant's subjective complaints are less than fully credible.

## II. Physician Testimony

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830.

The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

### A. David Northway, Ph.D.

Dr. Northway conducted a Psychodiagnostic Assessment on September 27, 2007, for which he reviewed Payette's medical record and administered the Personality Assessment Inventory ("PAI"). Tr. 443-450. As to the PAI, Dr. Northway found that a "review of the scale associated with over endorsement of negative items indicates some mild elevation. The profile is still valid but needs to be reviewed with some caution." Tr. 447. Dr. Northway thought it "quite likely" that Payette was "suffering from multiple diagnoses." Tr. 449. He thought she was markedly impaired in social interactions, and impaired in attention and concentration. *Id.* He diagnosed Post Traumatic Stress Disorder, Panic Disorder with Agoraphobia, Major Depressive Disorder, recurrent, severe, Rule Out BiPolar Disorder, Pain Disorder, Polysubstance dependence, currently in full remission, and assessed a GAF score of 48. Tr. 450.

Dr. Northway saw Payette on at least two occasions after the September 2007 assessment, and spoke to her by telephone. Tr. 662. They last spoke face to face in March 2009, due to Dr. Northway's physical condition. *Id.*

On November 13, 2009, Dr. Northway completed a Mental Residual Functional Capacity Assessment in which he found Payette severely limited in the ability to complete a normal workday or workweek. Tr. 661. Dr. Northway stated that Payette had significant limitations across a number of areas, and that she needed to participate in individual therapy. Tr. 662. He noted that social interactions were particularly difficult, as well as concentration, persistence, and pace. *Id.*

The ALJ noted Dr. Northway's 2009 opinion, and that Northway had examined Payette once, two years prior to the 2009 opinion. The ALJ cited Northway's statement that he had not seen Payette since March 2009, and that she would benefit from treatment but had not received it. "Therefore, Dr. Northway's November 2009 opinion is given no significant weight." Tr. 19.

### B. Susan Pelzer, Ph.D.

Dr. Pelzer reviewed Payette's medical record and testified that Payette had not established an extended period of complete abstinence. Tr. 36. Payette reported benefit from Klonopin, but had not yet been in mental health counseling. Dr. Pelzer opined that, with abstinence and adequate treatment, she believed Payette would be able to return to a functional, productive life-style. *Id.*

Dr. Pelzer testified that the records indicated that Payette abused substances in April 2008, and concluded that substance abuse was material to Payette's disability. Dr. Pelzer did not have any records more recent than April 2008. The ALJ noted that the claimant purported to have had negative drug screens between March and November 2009, but the tests were not in the record. Tr. 13. Those test results are in the record before the court, and include testing November 24, 2009, one week after the hearing before the ALJ. Tr. 663. This document appears to have been faxed to plaintiff's counsel on December 1, 2009, and was not in the record before the ALJ at the time of the hearing. Accordingly, the record indicates that after March 2009 Payette abstained from substance abuse and the evaluations occurring during that time period should be given great weight.

Dr. Pelzer's opinion is contradicted by Dr. Northway's. Payette contends that Dr. Northway is entitled to the status and weight accorded a treating physician. Regardless of

whether Dr. Northway is properly labeled 'treating' or 'examining,' the ALJ erred by failing to articulate specific and legitimate reasons for giving Dr. Northway's opinions no significant weight. Dr. Northway's opinion is based on a lengthy examination in 2007 and at least two additional contacts. Dr. Northway's opinion is supported by the opinions of the lay witnesses, as set out below.

### III. Other Witness Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 416.913(d), 416.945(a)(3); *Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir. 2008). The ALJ may not reject such testimony without comment and must give reasons germane to the witness.

A. Toni Berube, Integrated Behavioral Health Consultant

Ms. Berube works at RiverStone Clinic of the Community Health Centers of Lane County. Tr. 649. She describes herself as a support system to the claimant for several years, and counseled Payette in August 2007, October 2007, and on April 1 and April 10, 2008. Tr. 376, 529, 605, 618. She wrote:

> It is my clinical impression that Lakota has had, and continues to attempt to manage, a fairly significant anxiety disorder. Much of her poor decision making may have stemmed from difficulty in making appropriate choices, impairment in social interactions, attention and concentration.
>
> Lakota's history managing the disorders of PTSD, Panic Disorder, Agoraphobia, Major Depression, and features of personality disorder all contribute to her difficulty in functioning in a structured work setting.
>
> Lakota would very much benefit by having on going support through counseling, support groups, and some sort of case management.

*Id.*

7 - OPINION AND ORDER

The ALJ cited Ms. Berube's letter, but stated that the claimant has not sought treatment, that Berube is not the claimant's treating counselor, and that Berube is not an acceptable medical source under the regulations. "Therefore, less weight is given to Ms. Berube's opinion." Tr. 19.

The record indicates that Payette received weekly counseling from her parole officer in November and December 2007. Tr. 526. She participated in group counseling at Lane County between December 2007 and June 2008. Tr. 539-570. She received treatment from a nurse practitioner at Options Counseling between September and December 2008 for mental health medication management. Tr. 653-656. She had counseling with Ms. Berube as set out above. And she received counseling from Elizabeth Roberts, M.A., C.A.D.C.I. ("Certified Alcohol and Drug Counselor") between March and November 2009. Tr. 650. The ALJ's assertion that Ms. Berube's opinion is not entitled to more weight because Payette has not sought treatment is not accurate and cannot be the basis for dismissing Ms. Berube's observations. This is particularly true because Ms. Berube's observations are supported by the only examining medical source, Dr. Northway.

B.  Elizabeth T. Roberts, M.A., C.A.D.C.I.

In November 2009 Ms. Roberts reported:

> She has been an active, consistent participant in her treatment program. She has provided consistently negative urinalyses except for her prescribed methadone.

/ / /

> Lakota has reported being diagnosed bipolar with attendant anxiety disorder. In my experience, she struggles with managing anxiety. Her level of anxiety appears to make it difficult for her to be in social situations and/or to seek or maintain employment. Lakota continues to address these issues and work on developing coping skills.

8 - OPINION AND ORDER

Tr. 650.

As to Ms. Roberts's opinion, the ALJ noted that she is not an acceptable medical source under the regulations, that Roberts had "only" seen the claimant since March 2009, and that Payette had been noncompliant with treatment. Tr. 19. The ALJ's last statement is not factually accurate. The ALJ concluded that Mr. Roberts's opinion was entitled to "no significant weight." *Id.*

Ms. Roberts saw Payette for counseling between March and November 2009, when Payette was undoubtedly not abusing substances. The ALJ failed to articulate specific and legitimate reasons to discredit the observations of Ms. Roberts and Ms. Berube, especially since their opinions are supported by Dr. Northway.

## IV. Remand

The ALJ did not consider the evidence that Payette was demonstrably not abusing drugs after March 2009. It is not clear whether or if the ALJ had access to that evidence, as he apparently did not at the time of the hearing. This evidence bears directly on the weight that should be given to the assessments made by lay and professional providers during the time that Payette was sober.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-

9 - OPINION AND ORDER

39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

The ALJ's omission of the evidence regarding sobriety, the evidence of the counselors, and the evidence of the examining physician is erroneous for the reasons set out above. The Vocational Expert testified that, if Dr. Northway's opinion is credited, Payette would be unable to maintain employment. Tr. 55-56.

The Act and the Commissioner's regulations prohibit payment of benefits when drug and alcohol use is a material factor in a claimant's disability. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 416.935. Accordingly, this matter is remanded for the calculation and award of benefits as of the date the evidence shows that Payette was free from substance abuse, March 16, 2009.

## **CONCLUSION**

For these reasons, the ALJ's decision that Payette is not disabled is not supported by substantial evidence. The decision of the Commissioner is reversed and this case is remanded for the calculation and payment of benefits.

IT IS SO ORDERED.

Dated this 2nd day of March, 2012.

/s/ James A. Redden_____
JAMES A. REDDEN
United States District Judge

11 - OPINION AND ORDER